# S T A T E  O F  M I C H I G A N

# C O U R T  O F  A P P E A L S

---

| | |
|---|---|
| PEOPLE OF THE STATE OF MICHIGAN,<br><br>Plaintiff-Appellee, | UNPUBLISHED<br>March 3, 2015 |
| v<br><br>JOHN LUKE WEBB, JR,<br><br>Defendant-Appellant. | No. 318219<br>Shiawassee Circuit Court<br>LC No. 12-003682-FH |

---

Before: SHAPIRO, P.J., and GLEICHER and RONAYNE KRAUSE, JJ.

PER CURIAM.

Following a jury trial, defendant was convicted of three counts of third-degree criminal sexual conduct (CSC III), MCL 750.520d(l)(a) (victim 13 to 15 years old). Defendant was sentenced to concurrent prison terms of 78 to 180 months on each count. Defendant appeals as of right and we affirm.

Defendant and the victim became acquainted at the school they both attended. Eventually, defendant began to visit the victim's home. The victim testified that defendant started to abuse him in 2010. He explained that on many occasions, defendant would anally and orally penetrate him, usually in the victim's bedroom. Eventually, the victim reported the abuse to his parents, who in turn reported it to the police.

Defendant's sole argument on appeal is that the trial court abused its discretion in denying his motion for mistrial.[1] He argues that a prosecution witness impermissibly vouched for the credibility of the victim and that the trial court abused its discretion by denying his motion for a mistrial on this basis.

---

[1] A trial court's decision to grant or deny a motion for mistrial is reviewed for an abuse of discretion. *People v Dennis*, 464 Mich 567, 572; 628 NW2d 502 (2001). A trial court abuses its discretion when a decision falls beyond the range of principled outcomes. *People v Feezel*, 486 Mich 184, 192; 783 NW2d 67 (2010). A motion for mistrial should be granted only if an irregularity occurs that is so prejudicial to the defendant's rights that it deprives him of a fair trial. *People v Haywood*, 209 Mich App 217, 228; 530 NW2d 497 (1995).

As a general rule, a witness cannot vouch for another person's credibility because credibility determinations are reserved for the jury. *People v Dobek*, 274 Mich App 58, 71; 732 NW2d 546 (2007). A defendant is not, however, permitted to complain that testimony "served to vouch for a complainant's credibility when he allowed and in fact drew out the response." *People v Beckley*, 434 Mich 691, 731; 456 NW2d 391 (1990). "To hold otherwise would allow defendant an appellate parachute to escape conviction because of damaging testimony that turns the tide toward believability of the complainant's allegations." *Id*.

In this case, the victim underwent a forensic interview. The interviewer was called to testify by the prosecution. On cross-examination, she was asked how the victim "was" when interviewed and responded that she found him "forthcoming," "credible," and "truthful." In support of the motion for a mistrial, defense counsel argued that this reply was unresponsive because he did not ask about complainant's credibility, but "was getting to the point where she was explaining that some victims were subdued, some victims were sheepish, some victims didn't want to talk about it, etc." In *Beckley*, 434 Mich at 730-731, defense counsel asked an expert witness if she had seen anything in that case that was inconsistent with sexual abuse. The Supreme Court held that such a question "left open the possibility that the expert would respond negatively and in a manner that could be construed as an expert conclusion with regard to the truthfulness of the victim's allegations." *Id*. The Supreme Court held that, because defense counsel "in fact drew out the response" that he later claimed constituted an impermissible comment on the victim's credibility, the defendant was not entitled to reversal. *Id*. at 731-732. Similarly, in this case, defense counsel asked a question that left open the possibility that the interviewer might respond in a manner that could be construed as a conclusion with regard to the truthfulness of the victim. That defense counsel may have expected a different response does not make the witness's testimony unresponsive nor entitle defendant to reversal.

In any event, the trial court instructed the jury on the impropriety of testimony by a witness "on another person," and specifically struck the forensic interviewer's testimony regarding the credibility and truthfulness of the victim's statements. Jurors are presumed to follow a court's instructions, *People v Graves*, 458 Mich 476, 486; 581 NW2d 229 (1998), and, accordingly, defendant is not entitled to relief.[2]

---

[2] We reject defendant's claim that this case is controlled by *People v Musser*, 494 Mich App 337; 835 NW2d 319 (2013). Defendant argues that *Musser* stands for the proposition that any comment by a witness on the credibility of another person is improper and grounds for a mistrial. This misstates the holding. The Supreme Court, specifically choosing not to adopt a bright-line rule, held that where the proponent offers an interrogator's out-of-court statements in an interrogation that comment on a person's credibility for the purpose of providing context to the defendant's responses, these statements are only admissible to the extent they are offered for that purpose. *Id*. at 354, 365-366. Unlike *Musser*, this case involves a witness's in-court response to defense counsel's own question. Further, the curative jury instructions in *Musser* were unclear at best, a situation not present in defendant's case.

Affirmed.

/s/ Douglas B. Shapiro
/s/ Elizabeth L. Gleicher
/s/ Amy Ronayne Krause